[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
United States Court of Appeals
For the First Circuit

No. 97-2107
UNITED STATES,
Appellee,

v.

JOSE DELAROSA, A/K/A JOSE ACOSTA,
Defendant, Appellant.

No. 97-2246

UNITED STATES,
Appellee,

v.

JOHN DELAROSA,
Defendant, Appellant.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

[Hon. Ronald R. Lagueux, U.S. District Judge]

Before

Torruella, Chief Judge,
Selya and Boudin, Circuit Judges.

James L. Sultan and Rankin & Sultan on brief for appellant
Jose DeLaRosa.
John F. Cicilline on brief for appellant John Delarosa.
Margaret E. Curran, United States Attorney, and Kenneth P.
Madden, Assistant United States Attorney, on brief for appellee.

July 29, 1998

Per Curiam. Co-defendants Jose Delarosa and John
Delarosa challenge adjustments to their respective sentences
under U.S.S.G. 3B1.1(c) on both factual and legal grounds. 
We conclude that the adjustments were not clearly erroneous.
As to each co-defendant, there was a sufficient
factual basis for the role-in-offense adjustment under 
3B1.1(c). Particularly, the co-defendants pled guilty to
multiple violations of 21 U.S.C. 861 and so effectively
admitted that they "employ[ed], hire[d], use[d], persuade[d],
induce[d], entice[d], or coerce[d]" a minor (their 15-year-old
cousin) in distributing heroin. In the context of the present
case (where the minor was used to conduct heroin sales), those
statutory terms fairly imply leadership of a sort justifying an
upward adjustment under 3B1.1. The co-defendants' respective
organizational, leadership, managerial, or supervisory roles in
the heroin distribution operation were amply demonstrated by
the undisputed facts about the heroin sales and the plausible
inferences to be drawn therefrom. We will not second-guess the
district court's choice among those plausible inferences. SeeUnited States v. Garcia, 34 F.3d 6, 10 (1st Cir. 1994).
We also reject the co-defendants' arguments that
impermissible double-counting occurred when the district court
determined the base offense level under U.S.S.G. 2D1.2 and
then enhanced that level under 3B1.1. The guidelines do not
expressly prohibit a 3B1.1 adjustment to a 2D1.2 base
offense level, and there is no compelling reason to ban
concurrent use of the two sections. See United States v.
Lilly, 13 F.3d 15, 19 (1st Cir. 1994). The two sections
address different factors: 2D1.2 addresses drug quantity and
involvement of protected individuals and locations; 3B1.1
addresses hierarchical responsibility. And the two sections do
not apply in lockstep: for example, selling drugs to a minor
may entail a 2D1.2 base offense level, but not necessarily a
3B1.1 role-in-offense adjustment; selling drugs through a
minor may entail, as here, consequences under both 2D1.2 and
3B1.1. Accordingly, we conclude that the 3B1.1 adjustment
was applied here without impermissible double-counting. SeeGarcia, 34 F.3d at 11-12 (particular offense conduct, such as
use of a weapon, may be a factor both in the base offense level
and also in adjusting that level to reflect a higher degree of
culpability). In reaching this conclusion, we ascribe no
persuasive weight to United States v. Stevenson, 6 F.3d 1262,
1269-70 (7th Cir. 1993).
Turning to the matter of criminal history, we cannot
say, on the record presented for our review, that the district
court was required to treat four of co-defendant Jose
Delarosa's juvenile offenses as "related" for the purpose of
calculating his criminal history points. Even though like
sentences were imposed at the same time for all four offenses,
there was no "persuasive indicium of formal consolidation." 
United States v. Correa, 114 F.3d 314, 317 (1st Cir. 1997). 
The claim that two of the four sentences may have been
excessive is not cognizable in the context of this appeal, and,
in any event, does not prove that the four offenses were
formally consolidated.
Finally, we are left with the failure-to-depart
claim. It is evident to us from the district court's remarks
("even if I had [the authority to depart], I wouldn't because
of the aggravating factors in this case") that the court
rejected on discretionary grounds co-defendant John Delarosa's
plea for a downward departure. Accordingly, we lack
jurisdiction to review that decision. See United States v.
Grandmaison, 77 F.3d 555, 560 (1st Cir. 1996).
Affirmed. See 1st Cir. Loc. R. 27.1.